# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT V. JUSTICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLEO LUNA,<br><br>　　　　Defendant. | Case No.: 1:16-mc-0052-AWI-BAM<br><br>ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH VEXATIOUS LITIGANT ORDER |

On October 20, 2016, Plaintiff Robert V. Justice, acting in *pro* se, filed this suit against Cleo Luna, Staff Services Manager I at Avenal State Prison, seeking a contempt order for an alleged violation of a federal executive order. *See* Doc. 1.

On July 22, 2003, the district court in the Southern District of California declared Plaintiff a vexatious litigant and enjoined him "from filing any new civil actions in any federal court of the United States, without first obtaining leave of that court." Volney v. Super. Ct., Case No. 03CV1036-J (POR) (S.D. Cal. Jul. 22, 2003) (Order: (1) Dismissing Action for Lack of Subject Matter Jurisdiction; (2) Declaring Plaintiff a Vexatious Litigant; and (3) Enjoining Plaintiff from Filing New Civil Actions, p. 10) ("Vexatious Litigant Order").[1]  The district court's order directed that in order to obtain leave from any federal court to file a new civil action, Plaintiff must lodge with the Clerk of the Court a motion for leave to file a new complaint, along with a copy of the complaint and a copy of the

---

[1] The Court may take judicial notice of court records in other cases. United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

1

1  vexatious litigant order. Id. at 10-11. Additionally, Plaintiff must submit a sworn affidavit or declaration certifying that "the complaint [raises] a new issue which has never been raised previously by him in either a state or federal court," that "his claim is well-grounded in fact and in law and is not frivolous" and that "in prosecuting the action, he will comply with all federal and local rules of civil procedure." Id. at 11. The district court's Vexatious Litigant Order remains binding on Plaintiff.[2]

Prior to filing the instant action, Plaintiff failed to inform the Court of his status as a vexatious litigant. Plaintiff also failed to comply with any of the requirements set forth in the order declaring him a vexatious litigant. Therefore, on October 27, 2016, the Court issued an order directing Plaintiff to show cause in writing why this action should not be dismissed for failure to comply with the Vexatious Litigant Order issued by the United States District Court for the Southern District of California. Doc. 3.

On November 16, 2016, Plaintiff filed a response to the Court's order to show cause. In his response, Plaintiff contends that the Court cannot exercise control over an executive officer. Plaintiff further contends that the "federal executive power is absolute and the court cannot enforce any injunction against [him] that prevents [him] from implementing the federal executive order on this case. To do so would be treason." Doc. 4.

Having considered Plaintiff's response, the Court concludes that this action should be dismissed based on Plaintiff's failure to comply with the Vexatious Litigant Order issued by the United States District Court for the Southern District of California.

A court may dismiss a complaint filed by a vexatious litigant that violates an injunctive order entered by another court. See Dantzler v. United States Equal Emp't Opportunity Comm'n, 810 F.Supp.2d 312, 319 (D.D.C. 2011); see also In re Fillbach, 223 F.3d 1089, 1090 (9th Cir. 2000) (noting court has authority to dismiss where litigant filed in one district court to avoid a vexatious litigant order in another court); Justice v. Koskinen, 109 F.Supp.3d 142, 147 (D.D.C. 2015) ("It is

---

[2] On September 19, 2007, the Southern District of California denied Plaintiff's motion to dissolve the Vexatious Litigant Order. Volney v. Super. Ct., No. 03CV1036-J (POR), 2007 WL 2753291, *1 (S.D. Cal. Sept. 19, 2007). The Ninth Circuit affirmed on July 7, 2009. Justice v. Super. Ct. of Cal., 341 Fed.Appx. 294 (9th Cir. 2009).

well-settled that a court may dismiss a complaint filed by a vexatious litigant that violates an injunctive order entered by another court.") (citation omitted).

In this case, Plaintiff does not attempt to argue that his filing of the instant action was in compliance with the Vexatious Litigant Order issued by the United States District Court for the Southern District of California. Plaintiff's sole argument appears to be that the court cannot enforce any injunction that prevents him from implementing a federal executive order. Doc. 4, p. 1. Plaintiff's argument lacks merit. Plaintiff has filed this civil action in an effort to obtain a contempt order for the alleged violation of a federal executive order. By its very terms, the Vexatious Litigant Order bars Plaintiff from bringing any new civil action in any federal court without first obtaining leave of that court. Plaintiff does not cite any case law or other authority demonstrating that the Vexatious Litigant Order does not apply to this action or that he should be excused from complying with its terms. The Vexatious Litigant Order is "not a mere formality," Justice, 109 F.Supp.3d at 150, and Plaintiff has failed to show cause why this action should not be dismissed for lack of compliance.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED based on Plaintiff's failure to comply with the Vexatious Litigant Order; and
2. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   November 29, 2016                    _____
                                              SENIOR DISTRICT JUDGE